**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| PATRICIA GUERRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:16-cv-104-PPS-PRC |
| | ) |
| SANTANA GUERRA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the application of pro se plaintiff, Patricia Guerra, to proceed in forma pauperis [DE 2]. For the following reasons, the motion to proceed in forma pauperis is denied and this case is dismissed.

In order to adjudicate a case, this Court must be able to lawfully exercise jurisdiction over the parties and the subject matter of the case. As explained below, I cannot exercise either in this case. Furthermore, the federal in forma pauperis statute, of which Ms. Guerra attempts to avail herself, is designed to insure that indigent litigants have meaningful access to the federal courts. *See Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 342 (1948). The statute allows a litigant to pursue a case in federal court without paying fees and costs, provided the litigant submits an affidavit asserting an inability "to pay such fees or give security therefor," *and* the action is neither frivolous nor malicious. 28 U.S.C. § 1915. This access is not meant to be unlimited. In this circuit I must make preliminary determinations regarding the prospective litigant's indigence and the frivolousness and maliciousness of the

complaint. If the action is frivolous, I must deny leave to proceed in forma pauperis. I must also dismiss the case if, at any time, I determine the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(a) and (e); *Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 756-57 (7th Cir. 1988). At the preliminary stages of litigation, a complaint is frivolous "only if the petitioner can make no rational argument in law or facts to support his claim for relief." *Smith-Bey*, 841 F.2d at 757 (internal quotation marks omitted).

Ms. Guerra's case comes to me on a notice of removal from state court [DE 1] and is fraught with issues, the first and most significant one being that a case may only be removed from state court to federal court by a defendant, and Ms. Guerra is the plaintiff in the state court action. 28 U.S.C. § 1441. Furthermore, while Ms. Guerra did not attach a copy of her state court complaint to her notice of removal, it appears that she is removing her divorce action while attempting to join new claims that she believes support federal jurisdiction. In her notice of removal, Ms. Guerra asserts that (1) two separate divorce attorneys that she hired committed malpractice by nonperformance; (2) the state trial court judge "arbitrarily ignored and summarily dismissed" "a myriad of different" motions that Ms. Guerra filed in her divorce action "in an attempt to catch up"; and (3) when Ms. Guerra appealed the trial court's findings she was granted IFP status by a judicial officer of the Indiana Court of Appeals who then ordered Ms. Guerra to pay for the transcripts in her trial case or have her case dismissed within 15 days of said order, which Guerra contends amounts to "constructive obstruction of her

procedural due process rights." [DE 1.] Ms. Guerra seeks injunctive relief against the Indiana state court judge and the Indiana Court of Appeals judicial officer and joinder of (1) the two divorce attorneys, (2) Santana Guerra Jr. (who I believe is her husband and respondent in the divorce proceedings), and (3) three other individuals she only identifies by name, for conspiracy to violate her civil rights, intentional infliction of emotional distress, and legal malpractice where applicable for $1,000,000 in compensatory damages and $9,000,000 in punitive damages. [*Id.* at 4.]

Ms. Guerra's notice of removal, however, is not the mechanism by which she may pursue these claims. Pursuant to the domestic-relations exception, this court does not have jurisdiction of Ms. Guerra's divorce action, the action that she is attempting to remove and to which she is attempting to join additional defendants and claims. "The domestic-relations exception precludes federal jurisdiction when a plaintiff seeks 'one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or child support.'" *Dawaji v. Askar*, 618 F. App'x 858, 860 (7th Cir. 2015) (quoting *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir.1998)); *see also Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir.2006) ("[T]he domestic-relations exception . . . denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of a domestic-relations court."). To the extent that Ms. Guerra takes issue with the findings and opinions of the Indiana state courts and the behavior of the attorneys and other individuals associated with her divorce action, she can and should seek relief via that

3

action in state court. If Ms. Guerra believes that she has claims over which this court has jurisdiction, she must initiate a new federal action by filing a complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.

For the foregoing reasons, Ms Guerra's motion to proceed in forma pauperis [DE 2] is **DENIED** and this case is **DISMISSED FOR WANT OF JURISDICTION.** All other pending motions are **DENIED AS MOOT.** The clerk shall treat this civil action as **TERMINATED**.

**SO ORDERED**.

ENTERED: July 18, 2016

_s/ Philip P. Simon_____
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT